

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| **LETITIA JAMES** | DIVISION OF STATE COUNSEL |
|---|---|
| ATTORNEY GENERAL | LITIGATION BUREAU |

January 7, 2022

**By ECF**
Hon. Mae A. D'Agostino
U.S. District Court
Northern District of New York

Re:   *National Shooting Sports Foundation v. James,* 1:21-CV-1348 (N.D.N.Y.) (MAD/CFH)

Dear Judge D'Agostino:

This Office represents Defendant Letitia James, sued in her official capacity as New York Attorney General ("Attorney General James"), in the above-referenced action. I write pursuant to Rule 2(A)(i) of this Court's Individual Rules and Practices to set forth the grounds that Attorney General James intends to raise in her anticipated motion to dismiss Plaintiffs' Complaint ("Compl.", ECF No. 1) and to request a pre-motion conference. As set forth below, Plaintiffs' Complaint should be dismissed for several independent reasons.

**Factual Background and Allegations**

On July 6, 2021, New York enacted N. Y. Gen. Bus. Law §§ 898–a to 898–e ("§ 898"), a landmark public nuisance statute that provides that gun industry members may be held civilly liable where they "knowingly violate[] a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought…." *See* N. Y. Gen. Bus. Law §§ 898–a to 898–e; L. 2021, ch. 237, § 1.

Plaintiffs, 14 gun industry members and a trade association that purports to represent the industry, challenge § 898 asserting that it violates (1) the Supremacy Clause because it is preempted by the federal Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901 *et seq.*

Hon. Mae A. D'Agostino
January 7, 2022
Page 2 of 3

("PLCAA") (Compl. ¶¶ 74-91); (2) the Dormant Commerce Clause by disproportionately favoring New York's gun manufacturers against out-of-state actors (Compl. ¶¶ 92-113); and (3) the Due Process Clause by being void for vagueness (Compl. ¶¶ 114-32).

**The Supremacy Clause Claim Fails Because § 898 Is a Predicate Statute**

In enacting PLCAA, Congress specifically provided that it does not bar a "qualified civil liability action" if it is "an action in which a manufacturer or seller of a qualified product knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought." 15 U.S.C. § 7903(5)(A)(iii). In interpreting this "predicate exception," the Second Circuit has held the exception encompasses statutes that expressly regulate firearms or clearly can be said to implicate the purchase and sale of firearms. *See* City of New York v. *Beretta U.S.A. Corp.*, 524 F.3d 384, 404 (2d Cir. 2008). The predicate exception directly applies to § 898 because this new legislation is a ***firearm-specific nuisance statute***, one that expressly regulates the conduct of gun industry sellers and manufacturers. Thus, the Supremacy Clause claim fails. *See Soto v. Bushmaster Firearms Int'l, LLC*, 202 A.3d 262 (Conn. 2019) (affirming denial of motion to dismiss and holding that Connecticut Unfair Trade Practices Act was a predicate statute under PLCAA).

**The Dormant Commerce Clause Claim Fails Because § 898 Is Not Protectionist**

The Dormant Commerce Clause fails because it is primarily concerned with stopping protectionist state laws that discriminate against out-of-state businesses. S*ee Dep't of Revenue of Ky. v. Davis*, 553 U.S. 328, 337–38 (2008).  Absent discrimination against out-of-state businesses, a Dormant Commerce Clause challenge will fail unless it is proven that a statute's burden on interstate commerce is "clearly excessive" in relation to local benefits, or that the statute regulates extraterritorial conduct with no connection to New York. *See Freedom Holdings Inc. v. Spitzer*, 357 F.3d 205, 217, 219 (2d Cir. 2004).  There is little question that the protection of New Yorkers' health and safety is a legitimate state concern.  In fact, under the Dormant Commerce Clause, state

"nuisance doctrine" that is "aimed at protecting its citizens from the illegal use of firearms" is "valid" since "any burden placed on interstate commerce is outweighed by the substantial public interest in the regulation of the sale of firearms to protect the health and safety of New York [ ] and its people." *City of N.Y. v. Beretta U.S.A. Corp.*, 315 F. Supp. 2d 256, 286 (E.D.N.Y. 2004).

**Section 898 Provides Clear Guidance As To What Is Prohibited**

Section 898 is not unconstitutionally vague. To begin with, the § 898 defines "reasonable controls and procedures," and other important terms, thus providing clear guidance to members of the gun industry about their obligations under this new law. *See* § 898-a(2). The legislation also prohibits "unreasonable" conduct that "create[s], maintain[s], or contribute[s] to a condition in New York state that endangers the safety or health of the public." § 898-b(1). This language closely resembles New York's current general public nuisance law, a law that was adopted in 1965 and is plainly valid. *See also Quintard Assocs., Ltd. v. N.Y. State Liquor Auth.*, 57 A.D.2d 462, 465 (4th Dep't 1977) (rejecting void for vagueness challenge to a rule prohibiting "any noise disturbance, misconduct and disorder" which "adversely affects or tends to affect the protection, health, welfare, safety or repose" of the public); *United States v. Krumrei*, 258 F.3d 535, 538 (6th Cir. 2001) ("a statute is not void-for-vagueness merely because it uses the word 'reasonable' or 'unreasonable'").

For these three reasons, a motion to dismiss this action is appropriate and Attorney General James respectfully requests a pre-motion conference.

Respectfully submitted,

s/ *Michael McCartin*

Michael G. McCartin
Assistant Attorney General | Special Counsel
Bar No. 511158

cc: All Counsel of Record by ECF