**SHOOK**
HARDY & BACON

January 12, 2022

The Honorable Mae A. D'Agostino
U.S. District Judge, Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

Scott A. Chesin

1325 Avenue of the Americas
28th Floor
New York, NY  10019
**t** 212.989.8844
**d** 212.779.6106
**f** 929.501.5455
schesin@shb.com

    Re:   *Nat'l Shooting Sports Found. v. James*,
           No. 1:21–cv–01348–MAD–CFH (N.D.N.Y.)

Dear Judge D'Agostino:

    I write in response to Defendant's January 7 letter (Doc. 28) seeking permission to file a motion to dismiss.  If such a motion is filed, Plaintiffs respectfully submit it should be denied.

## Background

    New York and others have long sought to "regulate" firearms through public-nuisance litigation.  In response, Congress enacted the Protection of Lawful Commerce in Arms Act (the "PLCAA"), which preempts civil lawsuits against businesses that make or sell firearm and ammunition products for harm caused by misuse of those products.  Congress's intent was clear: to "prohibit causes of action against" makers and sellers of firearm products "for the harm solely caused by the criminal or unlawful misuse of" those products "by others."  15 U.S.C. § 7901(b)(1).

    But this summer, New York passed a law purporting to impose nuisance liability on "gun industry member[s]" whose products—sold legally, anywhere—"contribute" to a dangerous "condition" in New York.  Ms. James has made clear her intent to end-run the PLCAA with this statute (describing it as a tool to "combat[] . . . federal overreach").  The statute is unconstitutional.

## New York's New Law Is Preempted by the PLCAA

    The Second Circuit has already held that the PLCAA preempts the public-nuisance liability sought here.  In 2008, it barred a lawsuit brought against a number of firearm-industry members

premised on New York's general criminal-nuisance statute, rejecting the argument that the statute satisfied the PLCAA's "predicate exception." *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 399–404 (2d Cir. 2008). In a thinly veiled effort to circumvent this holding, New York repackaged its nuisance statute to specifically mention the firearm industry. The old statute prohibits "person[s]" from creating public nuisances; the new one prohibits "gun industry members" from doing so. This gambit, Defendant argues, saves the new law from the PLCAA. It does not. "Pre-emption is not a matter of semantics." *Wos v. E.M.A. ex rel. Johnson*, 568 U.S. 627, 636-37 (2013). "[A] proper analysis requires consideration of what the state law in fact does, not how the litigant might choose to describe it." *Id*. Here, the new law is the same as the old one—it holds industry members liable for harm caused by third parties. It is thus expressly preempted per *City of New York*. Further, because it "stand[s] as an 'obstacle' to" the PLCAA's purposes, it is also impliedly preempted. *Geier v. Am. Honda Motor Co.*, 529 U.S. 861 (2000).

### New York's New Law Violates the Dormant Commerce Clause

Defendant's arguments regarding the Dormant Commerce Clause actually reinforce our position. First, she argues the doctrine "is primarily concerned with stopping protectionist state laws that discriminate against out-of-state businesses." True—and this law does exactly that. It applies only to products that move in interstate commerce, not to products made and sold solely within New York. Second, she acknowledges that the Commerce Clause is violated when a "statute regulates extraterritorial conduct with no connection to New York." New York's law does that too. It regulates firearm sales in all 50 states even when those sales are fully compliant with local and federal laws. Indeed, its express purpose is to regulate conduct of out-of-state entities whose products are lawfully sold but are brought illegally into New York by others. Finally, Defendant seeks to excuse the State's overreach by saying the public-safety benefits of firearm regulations *always* outweigh burdens on commerce, citing for support a district-court decision from 2004. No such presumption is permissible; the Second Circuit has since made clear that a "meaningful examination" of the benefits and burdens is required. *Town of Southold v. Town of E. Hampton*,

477 F.3d 38, 52 (2d Cir. 2007). There are far less restrictive means of protecting New Yorkers from gun violence than usurping Congress's role and regulating firearm sales throughout the country through civil liability in New York.

### New York's New Law Violates Due Process

Finally, this law implicates core constitutional rights protected by the First and Second Amendments. To satisfy due process, it must therefore pass a "relatively strict test" for clarity. This law fails that test; it does not clearly define the conduct it proscribes. Indeed, Defendant herself misquotes the law to make it sound clearer: she says it creates liability for "'knowingly violat[ing] a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought.'" This language is from the PLCAA, *not* the New York law. The actual language in the New York law[1] is broader than she suggests and largely undefined. For example, the one "definition" she cites, of "reasonable controls and procedures," provides *examples* of such measures, but then states the measures "are not limited to" those examples, making the definition effectively meaningless. Finally, her suggestion that the law "resembles New York's current general public nuisance law" does not mean it is clear—and in any event the suggestion is wrong. The new law explicitly *extends* the scope of the general statute to acts that "contribute" to dangerous conditions—without defining "contribute" or "condition."

For these reasons and others, Defendant's January 7 letter underscores the validity of Plaintiffs' challenge to the new statute and undermines any motion to dismiss Defendant seeks to file. We look forward to presenting these arguments in more detail in the coming weeks.

Very truly yours,

/s/

Scott A. Chesin

---

[1] "No gun industry member, by conduct either unlawful in itself or unreasonable under all the circumstances shall knowingly or recklessly create, maintain or contribute to a condition in New York state that endangers the safety or health of the public through the sale, manufacturing, importing or marketing of a qualified product." N.Y. Gen. Bus. Law. § 898-b(1).